UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 15-48046

VALENDER C. SMITH, and                              Chapter 13
ANDREA C. SMITH,
                                                    Judge Thomas J. Tucker
          Debtors.
_____/

# ORDER DENYING, WITHOUT PREJUDICE, EX-PARTE MOTION TO ALLOW DEBTOR VALENDER C. SMITH TO BE EXCUSED FROM COMPLETING FINANCIAL MANAGEMENT COURSE, AND MOTION FOR DESIGNATION TO ALLOW ANDREA SMITH TO ACT ON BEHALF OF DECEASED DEBTOR, VALENDER SMITH

This case is before the Court on the following two motions, purportedly filed on behalf of the Debtors on May 18, 2020: (1) a motion entitled "Motion for Designation to Allow Andrea Smith To Act on Behalf of Deceased Debtor, Valendar Smith" (Docket # 157); and (2) a motion entitled "Ex-Parte Motion to Excuse Debtor, Valender Smith, From Completing Personal Financial Manage[ment] Course and Domestic Support Obligation Certification" (Docket # 158) (collectively, the "Motions"). The Motions state that the Debtor Valender C. Smith died on October 8, 2019.

The Motions must be denied because the Motions do not show that they were filed by or on behalf of anyone with standing to seek the relief sought. The Debtor Valender C. Smith died more than 7 months before the Motions were filed, so neither Debtor Andrea C. Smith nor her attorney had authority or standing to file the Motions seeking relief on behalf of Debtor Valender C. Smith.

Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor, Valender C. Smith . *See In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000)) ("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3)(stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

Accordingly,

IT IS ORDERED that the Motions (Docket ## 157, 158) are denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motions. Any such motion must be filed no later than June 3, 2020.

**Signed on May 20, 2020**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**