UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 15-48046

VALENDER C. SMITH, and  Chapter 13
ANDREA C. SMITH,
  Judge Thomas J. Tucker
      Debtors.
_____/

# ORDER DENYING, WITHOUT PREJUDICE, THE JUNE 2, 2020 EX PARTE MOTION TO ALLOW DEBTOR VALENDER C. SMITH TO BE EXCUSED FROM COMPLETING FINANCIAL MANAGEMENT COURSE AND FROM FILING THE DOMESTIC SUPPORT OBLIGATION CERTIFICATION

     This case is before the Court on the motion filed on June 2, 2020, entitled "Ex-Parte Motion to Excuse Deceased Debtor, Valender Smith, From Completing Personal Financial Management Course and Domestic Support Obligation Certification" (Docket # 165, the "Motion"). Among other things, the Motion states that the Debtor Valender C. Smith died on October 8, 2019.

     The Motion must be denied for the same reasons the first such motion was denied on May 20, 2020 (Order, Docket # 160), and because this new Motion does not demonstrate that it is filed by anyone with standing to seek the relief at issue.

     The surviving Debtor, Andrea C. Smith, says that she is named as personal representative for the estate of Valender C. Smith in Mr. Smith's Will. But this, without more, is not sufficient to make Andrea C. Smith such a personal representative under Michigan law. Rather, the Debtor Andrea C. Smith must be appointed as the personal representative either by the probate court in formal proceedings or by the register in informal proceedings, and must be issued letters of authority. *See* Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3614 (stating the circumstances under which a special personal representative may be appointed); Mich. Comp. Laws Ann. § 700.3615(1) (stating, in relevant part, that "the person named personal representative in the will shall be appointed as the special personal representative, if available and qualified, unless the court finds the appointment is not in the best interest of the estate or the estate's beneficiaries"); Mich. Comp. Laws Ann. § 700.3703(3) (stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

Accordingly,

IT IS ORDERED that the Motion (Docket # 165) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motion.

**Signed on June 4, 2020**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

2